GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORA-TION, Respondent, vs. HENNEMAN, Appellant.

*January 14—April 5, 1932.*

For the appellant there were briefs by *Alexander Wiley* and *Robert L. Wiley,* both of Chippewa Falls, and oral argument by *Alexander Wiley.*

For the respondent there were briefs by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod.*

The following opinion was filed February 9, 1932:

ROSENBERRY, C. J. The trial court in its opinion said:

"There is no evidence to the effect that the driver used the hand brake before reaching the bottom of the hill and no explanation as to why he did not do so. The undisputed evidence shows that if he had used the hand brake in time,

the truck would not have gotten beyond his control. The manner in which the truck came to a stop after injuring Meagher is a circumstance indicating that the hand brake may have been applied after the truck reached the street intersection and about the time the rear of the truck swerved towards the curb. The truck must have been in a forward gear as it ascended the hill. While in that gear it could not go backwards. There was no ice on the hill on which the truck could slide. The only thing that could cause it to go backwards, out of control, was the shifting of the clutch to a neutral position without first applying the hand brake. The only person who could have so shifted the clutch without first applying the hand brake was the driver. The result was inevitable. The truck with nothing to hold it on the steep incline, then ran backwards down the hill, increasing in speed and out of control on a city street where several men were working, and in such a manner as to endanger their lives and limbs. To so operate the truck was a violation of the statute then in force (sec. 85.08 (2), Stats. 1927), and constituted negligence as a matter of law."

The evidence in this case has been carefully considered, and while the conclusion of the learned trial judge may be reached, the inferences drawn are not the only inferences which may be drawn from the circumstances established by the evidence. It is true that the truck was at a standstill and that it could only have started down the hill by the clutch being released. The driver may have attempted to shift the gear from its forward position and engage it in reverse, in which event the engine would have acted as a brake. Nor is it clear that the hand brake was not applied until at or about the time the intersection was reached. The hill was a steep one, the truck had on it a small load of iron pipe, and, with no brake and the clutch disengaged, it would have gone down the hill at a high rate of speed. The evidence does not show that its speed exceeded twenty miles an hour, a circumstance which would indicate that the driver was attempting to apply the hand brake and to some extent at least had succeeded.

The burden was upon the plaintiff to establish negligence. Whether or not the driver was negligent in attempting to release the clutch and re-engage it, or in attempting to back down the hill with it disengaged, is considered to be clearly a jury question. It cannot be said from the evidence in the case that it appears as an undisputed fact that the hand brake was not applied, nor can it be said as a matter of law that the driver was negligent in releasing the clutch in attempting to get out of the position in which he found himself. It is considered, therefore, that the trial court was in error in setting aside the verdict of the jury and that the defendant was entitled to judgment on the verdict as rendered.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment upon the verdict in favor of the defendant.

A motion for a rehearing was denied, with $25 costs, on April 5, 1932.